## Thomas M. Ballance, Defendant in Error, v. City of Granite City, Plaintiff in Error.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Thomas M. Ballance against City of Granite City to recover for personal injuries alleged to have been caused by the negligence of the defendant in permitting a sidewalk to remain in an unsafe condition. The jury returned a verdict in favor of plaintiff for $2,091, and judgment was entered on the verdict. To reverse the judgment, defendant prosecutes a writ of error.

The error argued for reversal is that the verdict is manifestly against the weight of the evidence.

D. J. SULLIVAN and M. R. SULLIVAN, for plaintiff in error.

DAN McGLYNN, for defendant in error.

MR. JUSTICE HARRIS delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1085*—*burden of proof*. In an action against a city for personal injuries alleged to have resulted from the negligence of the city in permitting its sidewalk to remain out of repair, the burden is upon the plaintiff to show, by a preponderance of the evidence, that the sidewalk was out of repair at the time of the accident and for a sufficient length of time prior thereto to give the city notice thereof, actual or constructive; that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the city had notice of the accident as provided by statute; that plaintiff at the time of the accident was in the exercise of due care; and that he was injured and the extent thereof.

2. MUNICIPAL CORPORATIONS, § 1098*—*when verdict for injuries resulting from defective sidewalk sustained by the evidence.* In an action against a city for personal injuries sustained by plaintiff by tripping and falling by reason of the defective condition of a sidewalk which it was alleged the defendant negligently permitted to remain out of repair, a verdict for plaintiff on conflicting evidence *held* not against the manifest weight of the evidence.